UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUBEN MALDONADO, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-3574 |
| | § | |
| WELLS FARGO BANK, N.A., *et al.*, | § | |
| | § | |
|    *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by defendants Wells Fargo Bank, National Association ("Wells Fargo") and Ocwen Loan Servicing, L.L.C. (collectively "Defendants"). Dkt. 17. Plaintiff Ruben Maldonado responded in opposition. Dkt. 18. Defendants replied. Dkt. 20. Having reviewed the motion, the response, the reply, the evidentiary record, and the applicable law, the court is of the opinion that the motion for summary judgment should be GRANTED.

### I. BACKGROUND

Maldonado seeks to prevent the foreclosure sale of his property, originally scheduled for November 1, 2016. Dkt. 17 at 1; Dkt. 17, Ex. B–2. On July 26, 2007, Maldonado executed an adjustable rate note in favor of Option One Mortgage Corporation ("Note"). Dkt. 18 at 2. The Note, encumbering Maldonado's real property located at 18 Saint Albans Court, Sugar Land, Texas 77479 ("Property"), was in the amount of $319,920.00. Dkt. 17, Ex. A–1. In connection with this Note, Maldonado also executed a deed of trust securing repayment of the Note, which was subsequently assigned to Wells Fargo. Dkt.17, Ex. D. Maldonado failed to submit the monthly payment due on December 1, 2010, and Wells Fargo produced a notice to cure the default dated January 15, 2015.

Dkt. 17, Exs. A–2, 3.  Maldonado failed to cure the default, and a notice of acceleration was prepared, dated October 6, 2016.  Dkt. 17, Exs. B–1.  Maldonado filed this suit in the 268th Judicial District in Fort Bend County, Texas.  Dkt. 1.  Defendants timely removed this action to federal court based on diversity jurisdiction (Dkt. 1 at 3), and now move for summary judgment.  Dkt. 17.  Maldonado has responded, and Defendants have replied.  Dkts. 18, 20.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008). Given that this court sits in diversity jurisdiction over this action, it is undisputed that the substantive law of Texas applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817 (1938).

## III. ANALYSIS

Defendants ask the court to dispose of Maldonado's claims as a matter of law because Maldonado: (1) was in prior material breach of the deed of trust, or in the alternative his claims as to the adequacy of notice of foreclosure sale are not yet ripe for disposition; (2) failed to tender the amount due on the Note and therefore has failed to state a quiet title claim; (3) asserted claims for

declaratory and injunctive relief not recognized as causes of action; and (4) failed to state a cause of action that entitles him to attorneys' fees. Dkt. 17 at 4–9. Maldonado contends that: (1) he never received notice of a default, was not informed of a reinstatement amount, and did not receive proper foreclosure notice; (2) his claim to quiet title survives because he is the undisputed owner of the Property as witnessed by a recorded deed; and (3) his claims for declaratory judgment survive because Defendants have failed to prove that he received notice of acceleration.

### A. Breach of Contract Claim

In order to prevail on a breach of contract claim, a plaintiff must demonstrate: (1) that a valid contract exists; (2) performance or tendered performance; (3) that the defendant has breached the contract; and (4) that the plaintiff sustained damages as a result of the defendant's breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009); *Brown v. Wells Fargo, N.A.,* No. H-13-3228, 2015 WL 926573, at *6 (S.D. Tex. Mar. 4, 2015) (Miller, J.). A party to a contract who has failed to perform his or her obligations is unable to maintain a suit for the breach of said contract. *Kaechler v. Bank of Am., N.A.*, No. H-12-423, 2013 WL 127555, at *3 (S.D. Tex. Jan. 9, 2013) (Ellison, J.). Generally, the second element of the claim cannot be established if a homeowner has defaulted on a mortgage payment. *See Brown*, 2015 WL 926573, at *3; *Owens v. Bank of Am., N.A.*, No. H-11-2552, 2012 WL 912721, at *4 (S.D. Tex. Mar. 16, 2012) (Hoyt, J.) ("[T]he plaintiffs have undisputedly not performed their contractual obligations because they have not stayed current on their mortgage payments.").

Defendants claim that Maldonado has defaulted on his mortgage. Dkt. 17 at 5. In support of their claim, Defendants attach a detailed transaction history and a notice of default illustrating the breach. Dkt. 17, Exs. A–2, 3. Nowhere in his response does Maldonado refute the fact that he

3

became delinquent on his mortgage payments. Dkt. 18. Maldonado cannot therefore maintain a breach of contract claim based on the Note and deed of trust.

In his original Petition, Maldonado claims he made efforts to renegotiate his payments so as to make them more affordable, and Defendants refused to cooperate. Dkt. 1–6 at 3. Although Maldonado presents the court with no evidence for these contentions, even if taken as true, they do not alter the fact that Maldonado is in breach of the contract on which he now seeks to sue. *See Kaechler*, 2013 WL 127555, at *9 ("As explained, ongoing loan modifications do not alter the fact that [the plaintiff] is in breach of the mortgage contract.").

Maldonado argues that Defendants failed to record the Notice of Substitute Trustee Sale prior to attempting foreclosure on the Property, which violates the terms of the deed of trust and raises an issue of material fact as to the breach of contract claim. Dkt. 18 at 6. This point, likewise, does not change the fact that Maldonado has defaulted on the Note. Further, a defect in the foreclosure sale proceedings is recognized under Texas law as an element of a wrongful foreclosure claim, which a plaintiff can only maintain once a foreclosure sale has occurred. *See Martinez v. Am. Serv. Co.*, No. H-12-2606, 2013 LEXIS 194514, at *8–9 (S.D. Tex. Aug. 21, 2013) (Hittner, J.). It is undisputed that a foreclosure sale has not occurred in this case, and in fact, Maldonado asks the court to prevent foreclosure on the Property. Dkt. 18 at 6. As the foreclosure sale never actually occurred, this claim is not yet ripe for disposition. *See Martinez v. Am. Serv.*, 2013 LEXIS 194514, at *8–9; *see also Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 932 (N.D. Tex. 2014). Maldonado's breach of contract claim fails as a matter of law.[1]

---

[1]Because the court is uncertain as to which point Maldonado intended to direct the argument of improper notice of acceleration, it is worth noting the law on this issue. A homeowner's default does not excuse the defendant from providing proper notice of acceleration. *Mathis v. DRC Mort. II, Sub, I, LLC*, 952 F. Supp. 2d 828, 837 (W.D. Tex. 2013). Hence, any

## B. Claim to Remove Cloud and Quiet Title

Next, Maldonado asserts that he is the undisputed owner of the Property and has a right to a quiet title. Dkt. 18. at 8. A quiet title claim seeks to destroy a cloud on title created by an allegedly invalid claim made by a defendant. *Turner v. AmericaHomeKey, Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013) (citing *Thomson v. Locke*, 1 S.W. 112, 115 (Tex. 1886)). In order to quiet title in his favor, Maldonado must assert: "(1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that . . . would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am.*, 566 F. App'x 379, 382 (5th Cir. 2014) (citing *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.— Houston [1st Dist.] 2011, no pet.)). Maldonado must recover on the strength of his or her own title and must not otherwise rely on the weakness of a defendant's title. *Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 716 (5th Cir. 1951); *see also Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

An important consideration when deciding a quiet title claim where no foreclosure sale has occurred is whether plaintiff has "tender[ed] whatever amount is owed on the note." *Jemison v. CitiMortgage, Inc.*, No. H-13-2475, 2014 WL 2739351, at *18 (S.D. Tex, June 14, 2014) (Rosenthal, J.) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)). "To quiet title in his favor, the plaintiff 'must allege right, title, or ownership

---

procedural obligations triggered by Maldonado's default must still comply with the terms of the deed of trust *Id.* However, Maldonado has not proven any damages as a result of the claimed defects, and there is no evidence in the record that the foreclosure sale ever took place. The breach of contract claim still fails as a matter of law, even if the improper notice argument is considered here. *See Johnson*, 2014 WL 4923970, at *24–25.

in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'" *Jemison*, 2014 WL 2739351, at *18 (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)).

While Maldonado does not admit that he defaulted on the loan (Dkt. 1, Ex. D–2 ¶ 11), he also does not contest the evidence that the Note was in default. Dkt. 17, Ex. A–1. It appears from the record that the outstanding balance is now in excess of $153,549.00. Dkt. 17, Ex. A–3. Maldonado has therefore not tendered the amount due on the loan as necessary to assert a claim to quiet title. *See Jamison*, 2014 WL 2739351, at *18. The record shows an unbroken chain of title to the deed of trust from Option One Mortgage Corporation to Wells Fargo. Dkt. 17, Exs. C, D. Maldonado fails to assert a superior title, and also does not point the court to any facts that would support a superior claim.

Maldonado for the first time in his response raises a question as to the validity of the assignment of the Note. Dkt. 18 at 7. While a plaintiff has standing to challenge the assignment on any grounds that would render it void, a plaintiff lacks standing to challenge an assignment on grounds that would make it merely voidable. *See Johnson*, 2014 WL 4923970, at *21. Maldonado has provided no evidence or raised any issues that would render this assignment—for which Defendants have provided documentation (Dkt.17, Ex. D)—void. Even when viewed in a light most favorable to Maldonado, the fact that an assignment, recorded in Fort Bend County and relating to a property located in Fort Bend County, does not show up in Harris County Property Records (Dkt. 18 at 7) does not alter this conclusion. *See BAC Home Loans Serv., LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 911 (S.D. Tex 2012). Therefore, Maldonado's quiet title claim fails as a matter of law. *See Johnson*, 2014 WL 4923970, at *27. As no foreclosure has occurred,

6

Maldonado's claim that Defendants failed to provide proper notice of foreclosure sale (Dkt. 1–6 ¶ 25) is not yet ripe for disposition. *See supra* Section III.A.

    **C.**    **Violation of the Texas Property Code**

Maldonado asserts that he did not receive proper notice of default and that Defendants also failed to give proper notice of acceleration. Dkt. 1, Ex. D–2 ¶ ¶ 23, 24. Although Maldonado has not framed the argument as a claim under § 51.002 of the Texas Property Code, an improper notice argument such as this one is generally construed as a wrongful foreclosure claim. *See James v. Wells Fargo Bank*, *N.A.*, H-14-0449, 2014 LEXIS 70090, at *20 (S.D. Tex. May 21, 2014) (Lake, J.). In fact, Maldonado argued that Defendants "failed to perform all conditions precedent to foreclosure." Dkt. 18 at 2. "Defective notice may provide grounds for wrongful foreclosure action, assuming the property is sold, but Texas does not recognize a cause of action for attempted wrongful foreclosure." *Johnson v. Bank of Am., N.A.*, No. H-23-2029, 2014 WL 4923970, at*29 (S.D. Tex. Sep. 30, 2014); *see also James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446–47 (5th Cir. 2013). It is undisputed in this case that no foreclosure sale has occurred. As a matter of law, Maldonado's claim must fail.

    **D.**    **Requests for Declaratory/Injunctive Relief and Attorneys' Fees**

A request for injunctive relief is not itself a cause of action. *Green v. Wells Fargo Bank*, *N.A.*, No. 4:17-CV-357-A, 2017 WL 2364334, at *5 (N.D. Tex. May 30, 2017). Rather, it is a form of equitable relief. *Id*. Any claims of declaratory and injunctive relief are "intertwined and dependent with plaintiff's [substantive claims]." *Davis v. Countrywide Home Loans, Inc.*, 1 F. Supp. 3d 638, 646 (S.D. Tex. 2014) (Miller, J.) (citing *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 401 (5th Cir. 2011) (per curiam)). Since Maldonado's substantive claims fail,

so do his requests for injunctive and declaratory relief. *See Green*, 2017 WL 2364334, at *5; *Davis*, 1 F. Supp. 3d at 646.

Similarly, because Maldonado's substantive claims fail, there is no basis for an award of attorneys' fees. *Everhart v. CitiMortgage, Inc.*, H-12-1338, 2013 WL 264436, at *29–30 (S.D. Tex. Jan. 22, 2013) (Harmon, J.).

### IV. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. 17) is GRANTED. The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on November 1, 2017.

_____
Gray H. Miller
United States District Judge